# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                          CASES NO. 4:21cr38-RH-MAL
                                                     4:23cv222-RH-MAL

DEMETRIUS SPEED,

      Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION AND
## DENYING A CERTIFICATE OF APPEALABILITY

The defendant Demetrius Speed has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 78, and the objections, ECF No. 81. I have reviewed de novo the issues raised by the objections, including by reading the transcript of the evidentiary hearing. I make the same factual findings as the magistrate judge made and recommended.

Mr. Speed's assertion that he was promised a sentence below the minimum mandatory is flatly inconsistent with his sworn statements at the plea proceeding. This would be sufficient to refute his assertion, but it bears noting, too, that the assertion is inconsistent with the consistent practice in this district. This claim is plainly unfounded.

Case No. 4:21cr38-RH-MAL

The greater weight of the evidence shows that Mr. Speed did not tell his attorney to appeal. The record does not show that Mr. Speed's attorney explicitly discussed the advantages and disadvantages of appealing, as he should have, but under the circumstances, this was not ineffective assistance. The governing standard is this:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. *See* [*Strickland v. Washington*, 466 U.S. 668, 690 (1984]) (focusing on the totality of the circumstances). Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). Here, there were plainly no nonfrivolous grounds for appeal, and I find Mr. Speed had not demonstrated an interest in appealing.

This order thus accepts the report and recommendation, adopts it as the court's opinion, and denies the § 2255 motion.

Case No. 4:21cr38-RH-MAL

A further note is in order. At the conclusion of the sentencing hearing, I said that if Mr. Speed decided to appeal, the defense attorney should file the notice of appeal and go forward if he was going to handle the appeal, or, if he was not going to handle the appeal, at least make sure a notice was timely filed and Mr. Speed obtained representation. I said that if Mr. Speed decided not to appeal, the attorney should write him a letter to confirm the importance of the decision and to make sure there was no misunderstanding. At the evidentiary hearing, the attorney acknowledged that he did not do this, and he said my comment was just a suggestion. Next time it will be an order. This should not have happened.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented

were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Speed has not made the required showing. This order thus denies a certificate of appealability.

IT IS ORDERED:

1.  The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is denied."

2.  A certificate of appealability is denied.

SO ORDERED on June 7, 2026.

s/Robert L. Hinkle
United States District Judge